IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

UNITED STATES OF AMERICA                        PLAINTIFF/RESPONDENT

v.                    Criminal No. 02-20066-001
                      Civil No. 04-2180

GLENN EMBRY                                      DEFENDANT/PETITIONER

## ORDER

On July 31, 2003, the Court sentenced Defendant to 120 months imprisonment for possessing crack cocaine with the intent to distribute. (Doc. 34). Defendant filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. 37) claiming he was entitled to re-sentencing in light of *Blakely v. Washington*, 542 U.S. ___, 124 S. Ct. 2531 (2004). On September 29, 2004, United States Magistrate Judge Beverly Stites Jones issued a Report and Recommendation concerning Defendant's § 2255 Motion. (Doc. 41). On October 19, 2004, this Court adopted the Report and Recommendation denying Defendant's Motion. (Doc. 42). Currently before the Court is Defendant's motion for re-sentencing and the Government's response. (Docs. 44-45). For the following reasons, Defendant's motion is DENIED.

Defendant makes an argument that his sentence should be reduced in light of the United States Supreme Court's decisions in *Blakely, supra, and United States v. Booker*, 125 S. Ct. 738 (2005). Defendant's argument is misplaced as *Booker* does not apply to sentences that became final prior to its decision and cannot be

applied retroactively. *Hensley v. United States,* 2005 WL 1214262 (W.D. Mo. May 20, 2005) *citing Cirilo-Munoz v. United States,* 404 F.3d 527, 533 (1st Cir. 2005)(reasoning that it is "unlikely" that the Supreme Court will apply *Booker* retroactively because such a holding "would comprise tens of thousands of sentences imposed under a regime whose lawfulness was assumed during most of this period" and citing published and unpublished cases from the Second, Sixth, Seventh, Tenth, and Eleventh circuits holding that *Booker* does not apply retroactively); *Lloyd v. United States* 407 F.3d 608 (3d Cir. 2005)(holding that Booker is a "new," "non-watershed," "procedural" rule under the retroactivity analysis of *Teague v. Lane*, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989)); *Mack v. McFadden*, No. 05-3035-CV-S-DW, 2005 WL 1155682 (W.D. Mo. May 16, 2005)(noting *Booker's* lack of retroactivity and citing cases from the Sixth, Tenth, and Eleventh circuits); *United States v. Escobar*, No. CRIM. 02- 129(1) ADM/RL, 2005 WL 1073651 (D. Minn. May 6, 2005)(analyzing *Booker's* effect and determining that it is not to be applied retroactively); *LaPointe v. United States*, No. 04-0584-W-ODS-P, 2005 WL 670742 (W.D. Mo. March 10, 2005)(holding that a prisoner cannot bring a *Booker* §2255 claim to apply to a pre-*Booker* sentence even if the sentence was final less than one year prior to the Court's *Blakely* decision).

*Booker* has no effect on Defendant's sentence as it does not apply retroactively or to sentences that became final prior to its

2

decision.  Accordingly, Defendant's motion is DENIED.

IT IS SO ORDERED this 24th day of October 2005.

                                            /s/ Robert T. Dawson
                                            Honorable Robert T. Dawson
                                            United States District Judge

AO72A
(Rev. 8/82)